UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALISHA PATE, *et al*, | § § | |
| Appellants, | § § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-01804 |
| RODNEY TOW, Trustee and DANIEL CLARK, IV, | § § § § | |
| Appellees. | § | |

## ORDER

Before the Court is Appellants' Brief (Doc. #10). There is no appellee brief in this case. After reviewing counsel's arguments and the applicable legal authority, the Court affirms the Bankruptcy Court's decision.

### I. Background

The Appellants ("Pate and Thigpen") held claims for child support arrearages against the debtor in the underlying bankruptcy case, *In re Clark*, Case No. 12-31850. In the Bankruptcy Court's original order, Pate and Thigpen's late filed claims were to be distributed under 11 U.S.C. § 726(a)(3). *See* Doc. #2 at Ex. 1 & 2. Pate and Thigpen filed a motion to vacate the court's decision and hearings were held on March 4, 2015, and April 30, 2015. After the hearings, on June 12, 2015, the Bankruptcy Court issued an order vacating its original decision and allowed Pate and Thigpen's claims distribution status under 11 U.S.C. § 726(a)(2) rather than § 726(a)(3).

Though Pate and Thigpen filed late proofs of claims in the bankruptcy proceedings, they argue that they should be given 11 U.S.C. § 726(a)(1) distribution priority which is reserved for timely filed proofs of claims. *See* § 726(a)(1)(A). Pate and Thigpen argue that they did not have proper notice for filing their claims because the Trustee's Final Report ("TFR") was mailed to

the Illinois Department of Healthcare and Family Services ("IDHFS"), not to them individually. The TFR was sent by First Class Mail to IDHFS (the creditor listed on the bankruptcy matrix) on July 19, 2014. Doc. #2, Ex. 9 at 5. Pate and Thigpen argue that IDHFS was not their agent for purposes of sending notice of bankruptcy proceedings or the summary of the TFR, which is the basis upon which they now Appeal the Bankruptcy Court's decision.

First, Pate and Thigpen allege that because IDHFS is not their agent for bankruptcy related process, that the ten (10) day claim filing deadline required by § 726(a)(1)(A) does not apply to them. Doc. #10 at 14. Second, Pate and Thigpen ask the Court to interpret § 726(a)(1)(A), and determine when the 10 day filing deadline is triggered. Doc. #10 at 23. Third, they argue that § 726(a)(1) violates due process if it is interpreted to deny status to a creditor who was never given notice. *Id.* at 26. Lastly, Pate and Thigpen argue that any amendment to the TFR resets the 10 day claim filing deadline of § 726(a)(1)(A). Doc. #10 at 30. Pate and Thigpen's first three arguments hinge on the Court's determination of what constitutes proper notice under the statute, and if due process was satisfied when notice was sent to IDHFS.

## II. Legal Standard

### A. Standard of Review

In reviewing a bankruptcy court decision, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992). This Court will not set aside a bankruptcy court's findings of fact unless they are clearly erroneous. Fed. R. Bankr. P. 8013; *In re McDaniel*, 70 F.3d 841, 842–43 (5th Cir. 1995). A finding of fact is clearly erroneous if, after review of all the evidence, the Court is left with a firm and definite conviction that the bankruptcy court erred. *In re*

*McDaniel*, 70 F.3d at 843. This Court reviews legal conclusions de novo. *Id.*; *In re Herby's Foods, Inc.*, 2 F.3d 128, 130 (5th Cir. 1993).

## B. Notice

The standard for adequate notice and the effect on timely and untimely filed claims in bankruptcy was addressed by the Fifth Circuit in *Greyhound Lines, Inc. (In re Eagle) v. Rogers*, 62 F.3d 730 (5th Cir. 1995). The court held that mailing notice to the last known address of a creditor satisfies due process because it is "reasonably calculated" to inform the creditor of the bar date for filing proofs of claims. *Id.* at 736. The Bankruptcy Rules "imply that correctly mailed notice creates a presumption that proper notice was given." *Id.* A creditor's denial of receipt alone does not rebut the presumption that proper notice was given; it raises an issue of fact. *Id.* at 735. Evidence that the notice was never mailed or that no other creditor received notice will rebut the presumption that proper notice was given. *Id.*

## III. Analysis

The arguments asserted in this Appeal are contingent upon whether or not sending notice to IDHFS was reasonably calculated to give notice to Pate and Thigpen of the bankruptcy proceeding. It is clear from the record before the Court that IDHFS had notice of the bankruptcy proceedings on June 6, 2013. Doc. #2, Ex. 2 at 37; Doc. #3, Ex. 8 at 25. Also, IDHFS was mailed the TFR on July 19, 2014, as documented in the Certificate of Notice. Doc. #2, Ex. 9. The record also reveals that both Pate and Thigpen used IDHFS to enforce child support payments on their behalf. However, when IDHFS received notice of the bankruptcy proceedings it did not notify Pate or Thigpen. Doc. #2, Ex. 2 at 41–42. Moreover, Pate and Thigpen argue that IDHFS was not their agent, that notice sent to IDHFS was inadequate to satisfy due process, and was ineffective to trigger the 10 day filing deadline under § 726(a)(1)(A).

## A. Due Process

IDHFS is a receiving and disbursing agent for child support payments. *See* 750 ILL. COMP. STAT. 5/705 (West 2007). The Bankruptcy Court found that both Pate and Thigpen reside in Illinois and have sought enforcement of unsatisfied child support orders through the State of Illinois. Doc. #3, Ex. 2 at 928, n.1. Therefore, it would be proper for IDHFS to be listed in the bankruptcy matrix as the creditor to notify of claims for child support arrearages enforceable by the State of Illinois on behalf of Pate and Thigpen in the bankruptcy proceeding.[1] To satisfy due process, the trustee may rely on the addresses provided by the debtor for mailing notice of the bankruptcy proceedings. *See DeVore v. Marshack (In re DeVore)*, 223 B.R. 193, 196–97 (9th Cir. BAP 1998); *accord Greyhound Lines v. Rogers (In re Eagle Bus. Mfg., Inc.)*, 62 F.3d 730, 734–36 (5th Cir. 1995) ("[A] creditor who failed to keep the debtor apprised of changes in her mailing address was 'herself to blame' for not receiving notice" . . . and the bankruptcy trustee reasonably served the addresses on the court's matrix which the debtor provided.). IDHFS was listed on the Bankruptcy Court's matrix, and received the TFR. Doc. #2, Ex. 9. Additionally, Pate and Thigpen expressly authorized IDHFS to file proofs of claims on their behalf. Doc. #3, Ex. 2 at 321–34. The Bankruptcy Court correctly determined that IDHFS was an agent for Pate and Thigpen. The court was also correct in concluding that "actual notice is irrelevant" in triggering the deadlines set forth in § 726(a)(1). Due process does not look to "actual notice" but rather if the notice sent was "reasonably calculated to inform the creditor of the bar date for

---

[1] Pate and Thigpen also argue that Pate's address was listed incorrectly as 419 Stony Island, when in fact she lived at 417 Stony Island. This error was corrected by the debtor on June 12, 2013. Pate's argument that she did not receive notice is not sufficient to rebut the presumption that notice was properly sent to her agent for child support enforcement IDHFS.

4

filing proof of claims." *In re Eagle Bus. Mfg., Inc.*, 62 F.3d at 736. Accordingly, the notice mailed to IDHFS was adequate to satisfy due process requirements.

### B. Deadline to Timely File Proof of Claims and 11 U.S.C. § 726(a)(1)

It is undisputed that the TFR was mailed by the trustee to IDHFS. Because the TFR was properly sent to IDHFS, the 10 day deadline for proof of claims to be timely filed under § 726(a)(1)(A) was triggered on July 19, 2014, the day it was mailed. Therefore, claims filed August 15, 2014, by IDHFS on behalf of Pate and Thigpen were untimely. Accordingly, the Bankruptcy Court properly determined Pate and Thigpen's claims would not be given § 726(a)(1) distribution status. The language of § 726 anticipates tardily filed claims like those of Pate and Thigpen, thereby allowing either § 726(a)(2) or § 726(a)(3) status. *See* 11 U.S.C. § 726(a)(1); *see also In re J Co. Med. Mgmt., Inc.*, 2013 WL 7893440, *5 (Bankr. M.D. La. Nov. 6, 2013) (holding that, even if the creditor held a priority claim, it would not be entitled to priority payment because the claim was filed after the period established by § 726(a)(1)(A)). Therefore, the Bankruptcy Court's application of the statutory language of § 726(a)(1)(A) was correct and Pate and Thigpen's proofs of claims were properly designated as late filed claims not eligible for § 726(a)(1) distribution status.

### C. "Actual Notice" and 11 U.S.C. § 726(a)(2)

Late-filed claims under § 726(a)(2)(C) or § 726(a)(3), are eligible for distribution only after all timely filed claims are satisfied. Tardy claims categorized under § 726(a)(2)(C) as late claims receive a slightly higher distribution priority over other late-filed claims held by creditors who filed late but had knowledge of the bankruptcy filing. The Bankruptcy Court determined that actual notice of the bankruptcy proceeding was withheld from Pate and Thigpen by IDHFS despite the trustee's attempt to give notice to all creditors. The court reasoned that had it been aware of the practices of IDHFS it would have given Pate and Thigpen § 726(a)(2) instead of §

726(a)(3) status prior to the motion to vacate hearing. Doc. #2, Ex. 3 at 11. Though the Court finds notice to IDHFS was sufficient to satisfy due process requirements, the Court agrees with the Bankruptcy Court that Pate and Thigpen did not have "actual knowledge" of the case and therefore are entitled to § 726(a)(2) distribution. *See* 11 U.S.C. § 726(a)(2)(C)(i).

### D. Amendment to the TFR and Distribution Status

Lastly, Pate and Thigpen allege that whenever the TFR is amended it resets the 10 day § 726(a)(1)(A) filing period for proof of claims. They argue that when the Bankruptcy Court amended the TFR on February 4, 2015, approving the trustees fee application, that any creditors claims already filed on August 15, 2014, would automatically satisfy the requirements of § 726(a)(1)(A). Doc. #10 at 33. A finding like this would render the designation of timely and untimely filed claims status under § 726(a) meaningless by giving every claim § 726(a)(1) distribution priority upon amendment of the TFR. The summary of the TFR was mailed on July 19, 2014. Any proofs of claims not filed within the 10 day deadline do not satisfy § 726(a)(1)(A). Therefore, amending the TFR does not reset the 10 day notice clock of § 726(a)(1)(A) for the purpose of determining whether claims are timely or untimely filed. Accordingly, Pate and Thigpen's August 15, 2014, filed claims were untimely and cannot receive § 726(a)(1) distribution.

## IV. Conclusion

For the foregoing reasons, the decision of the Bankruptcy Court allowing Pate and Thigpen's late filed claims distribution under § 726(a)(2) is AFFIRMED.

It is so ORDERED.

MAY 2 9 2018
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

6